# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WESLEY J. PURKEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-3157-CM** |
| | ) | |
| **CORRECTIONS CORPORATION OF** | ) | |
| **AMERICA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This closed case is before the court on Wesley Purkey's Requests for Court to Set Aside Dismissal Pursuant to Fed. R. Civ. P. 60(b)(6), and to Grant Leave of Court for Purkey to Dismiss, without Prejudice, Count Six of his Petition, with Suggestions (Doc. 89). On August 21, 2006, this court denied defendants' motion to dismiss in part. The court also ordered plaintiff to offer full proof that he exhausted his administrative remedies with respect to Count VI (his excessive force claim). In the alternative, the court advised plaintiff that he could voluntarily dismiss the claim so the court could proceed with plaintiff's remaining exhausted claims. Plaintiff responded by arguing that he had either properly exhausted Count VI or was not required to exhaust, and by asking the court alternatively to dismiss only Count VI, but not the entire complaint. The court rejected plaintiff's arguments and granted defendants' motion to dismiss.

Plaintiff now asks the court to grant him relief from judgment based on "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The "catch all" provision in Rule 60(b)(6) allows for relief only in extraordinary circumstances. *Loum v. Houston's*

*Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998) (citations omitted).  The court reserves Rule

60(b)(6) relief for situations in which it "offends justice" to deny relief.  *Id.* (citation omitted).  Rule

60(b)(6) is not to be used to "reliev[e] a party from free, calculated and deliberate choices he has

made.  A party remains under a duty to take legal steps to protect his own interests."  *Cashner v.*

*Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (quotation omitted).

Extraordinary circumstances do not exist here.  The court provided plaintiff with notice and

opportunity to dismiss Count VI voluntarily.  If plaintiff had chosen to do so, or if plaintiff had

indicated earlier that he would be willing to dismiss Count VI voluntarily if the court found that he

did not properly exhaust, the court would consider the remainder of plaintiff's claims in this case.

But plaintiff chose to reject the court's invitation to dismiss Count VI.  Plaintiff's tactical decision

may not have turned out the way he hoped it would, but that does not mean that relief under Rule

60(b)(6) is warranted.  The court's history with the case and concerns about judicial economy also

do not compel the court to grant plaintiff relief.  Nor does the Tenth Circuit's recent opinion in

*Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006), where the prisoner submitted his unexhausted

claim to the prison grievance system during the pendency of the case, and the prison rejected his

administrative claim on procedural grounds.  The Tenth Circuit held that because the prison issued a

final order rejecting the prisoner's unexhausted claims on procedural grounds, the total exhaustion

rule did not require dismissal of the remaining exhausted claims in the prisoner's complaint.

*Kikumura*, 461 F.3d at 1290.  *Kikumura* is distinguishable from the case at hand, where plaintiff did

not continue to pursue his claim at the prison level after filing this suit.  In sum, this is simply not a

situation in which it "offends justice" to deny relief.

**IT IS THEREFORE ORDERED** that Wesley Purkey's Requests for Court to Set Aside

-2-

Dismissal Pursuant to Fed. R. Civ. P. 60(b)(6), and to Grant Leave of Court for Purkey to Dismiss, without Prejudice, Count Six of his Petition, with Suggestions (Doc. 89) is denied.

Dated this 18th day of October 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**