IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESLEY J. PURKEY,            )<br>                                              )<br>           Plaintiff,          )<br>                                              )            CIVIL ACTION<br>v.                                          )<br>                                              )            No. 03-3157-CM<br>CORRECTIONS CORPORATION OF )<br>AMERICA, et al.,             )<br>                                              )<br>           Defendants.        )<br>_____) | |

## MEMORANDUM AND ORDER

Plaintiff Wesley J. Purkey, a prison inmate, filed this civil rights lawsuit against Corrections Corporation of America ("CCA") and several of its officers and officials. CCA has a contract with the United States Marshal Service to detain and house federal prisoners. Plaintiff, who is a federal prisoner, was detained at CCA during the time period relevant to this case. Plaintiff seeks relief for violations of his federally-protected rights. Specifically, he claims that defendants destroyed his legal papers (Count I); prohibited him from helping other inmates file grievances (Count II); used unsafe procedures that caused plaintiff to fall in the shower (Count IV); retaliated against him for filing grievances (Count V); and used excessive force (Count VI).

## I. PROCEDURAL BACKGROUND

In September 2006, this court held that under existing Tenth Circuit precedent, plaintiff failed to meet his burden of showing that he had administratively exhausted one of his claims, the claim for excessive force. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209–10 (10th Cir. 2004). At that time, Tenth Circuit law was that the Prison Litigation Reform Act ("PLRA") incorporated a total exhaustion requirement. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1190

(10th Cir. 2004). The court therefore dismissed plaintiff's entire case after giving plaintiff the opportunity to voluntarily dismiss the unexhausted claim. *See Dawson v. Taylor*, 128 F. App'x 677, 679 (10th Cir. 2005). Both *Steele* and *Ross* have since been overruled by the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007). *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007). The Tenth Circuit therefore reversed and remanded this court's decision based on *Jones*.

The appellate court remanded the case for this court "to apply the new PLRA framework—as laid down by Jones and our post-Jones precedents—to the present case." The Tenth Circuit specifically directed that "[d]efendants must necessarily prove that: (1) administrative remedies were, in fact, available to Purkey after he left CCA's custody, and (2) Purkey failed to exhaust these remedies." In a footnote, the Tenth Circuit also discussed the issue of whether plaintiff had available administrative remedies that he failed to exhaust:

> At this juncture, we are unsure whether administrative remedies were, in fact, available to Purkey after he left CCA's custody or whether Purkey failed to exhaust the administrative remedies actually available to him. CCA's grievance policy merely states that: "If a grievance is submitted for review and the grievant is released from custody, efforts to resolve the grievance will normally continue." See Policy 14-5.5(I)(3) (emphasis added). This section hardly states an unequivocal rule. Further, nothing in § 14-5.5(I)(3) clearly indicates that prisoners released from CCA's custody are required to comply with all other sections of CCA's grievance policy, including those sections pertaining to appeals.

With the Tenth Circuit's mandate in mind, the court now considers whether plaintiff had administrative remedies available after he left CCA, and, if so, whether he failed to exhaust those remedies with respect to his excessive force claim. Defendants have filed a Motion for Summary Judgment as to Count VI of Plaintiff's Amended Complaint (Doc. 107) on this limited issue.

## II. STANDARDS FOR JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

-2-

issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. FACTUAL BACKGROUND[1]

While plaintiff was an inmate at CCA, he filed a grievance alleging that officers used excessive force in handling him. After he filed the grievance, but before CCA had addressed it, plaintiff was transferred to USP-Leavenworth. CCA then denied plaintiff's grievance and sent the denial to plaintiff at USP-Leavenworth. Plaintiff did not appeal denial of the grievance.

CCA's grievance policy provides that an inmate/resident must file a grievance within seven days of an incident. Within fifteen days, the Facility Grievance Officer will render a decision. Within five days of receiving the decision, the inmate/resident "is to submit any appeal to the Warden/Administrator or designee." The Warden/Administrator will then "render a written decision on the appeal within fifteen . . . days of receipt from the inmate/resident."

CCA's policy also contemplates that "grievants" may continue the process after they leave the facility:

> If a grievance is submitted for review and the grievant is released from custody, efforts to resolve the grievance will normally continue. It is the grievant's responsibility to notify the Facility Grievance Officer of the pending release and to provide a forwarding address and any other pertinent information.

The policy defines a "grievant" as an "inmate/resident," and defines an "inmate/resident" as one

---

[1] The court construes the facts in the light most favorable to plaintiff as the non-moving party pursuant to Fed. R. Civ. P. 56. The court has included only those facts which are relevant, material, and properly supported by the record.

who is "housed in a CCA facility."

Defendants have presented an affidavit signed by Rhonda Allen, which states, "As the Grievance Officer at CCA, I would continue to process grievance appeals submitted by prisoners after they had left CCA according to CCA Corporate and Facility Policy 14-5, unless the appeal had been resolved." Plaintiff has presented unverified, unauthenticated evidence showing that he submitted grievances in May 2002 that were not processed because plaintiff had been released from CCA. The court need not resolve which is true because the actual practice of CCA is irrelevant to the court's decision.

## IV.  DISCUSSION

At best, CCA's written policy is ambiguous as to whether a former inmate/resident who has filed a grievance is required or allowed to continue the procedure after leaving the facility.[2] The policy applies to inmates/residents, and once someone is no longer in the custody of CCA, he is neither an inmate nor a resident. On its face, CCA's policy does not apply to former inmates/residents. And although the policy states that "normally" efforts to resolve the grievance will continue, it is not clear that inmates/residents are required or even allowed to continue the process in all instances. In light of CCA's ambiguous policy and the contractual rule of construction against the drafter, *see Time Warner Entm't Co. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1045 (10th Cir. 2004), the court determines that defendants have not met their burden of showing that plaintiff had administrative remedies "available" after he left CCA.

In reaching this decision, the court has not considered plaintiff's surreply that the court

---

[2] Whether CCA always processed grievances after former inmates left the custody of CCA does not matter if CCA did not unambiguously communicate to its inmates that the grievance procedures and requirements remained in place after an inmate left its custody. CCA has not presented any authority to the court for the proposition that an unwritten practice can trump a written policy. CCA bears the burden of showing that it is entitled to summary judgment.

-4-

conditionally allowed plaintiff to file. *See EEOC v. Int'l Paper Co.*, No. 91-2017-L, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992). The surreply was unnecessary, as defendants did not raise new issues in their reply brief. On the other hand, the court excuses plaintiff's failure to strictly comply with the District of Kansas Local Rules in its response brief. In its discretion and in the interest of justice, the court will not deem all of the facts in defendants' memorandum in support of their motion admitted. But the court advises plaintiff that he should comply with all applicable rules in future filings.

**IT IS THEREFORE ORDERED** that defendants' Motion for Summary Judgment as to Count VI of Plaintiff's Amended Complaint (Doc. 107) is denied.

Dated this 19th day of August 2008, at Kansas City, Kansas.

                                               **s/ Carlos Murguia**
                                               **CARLOS MURGUIA**
                                               **United States District Judge**